**Hearing Date: July 17, 2024 at 10:00 a.m.**
                                                 **Response Deadline: July 10, 2024**

POLSINELLI PC
Aaron Davis
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

Jane Pearson, WSBA #12785 (*pro hac vice*)
1000 Second Avenue, Suite 3500
Seattle, Washington 98104
(206) 393-5415
jane.pearson@polsinelli.com

*Attorneys for Toorak Capital Partners, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Tracy Hardyal aka Tracy Lopa,<br><br>                    Debtor. | Case No. 1:23-43911-jmm<br><br>Chapter 11 |

### NOTICE OF MOTION OF SECURED CREDITOR TOORAK CAPITAL PARTNERS, LLC TO CONVERT CASE TO CHAPTER 7

**PLEASE TAKE NOTICE** that a hearing before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on July 17, 2024 at 10:00 a.m. on the motion filed by secured creditor Toorak Capital Partners, LLC ("**Movant**") seeking an order converting this bankruptcy case to Chapter 7, together with such other and further relief as the Court deems just and proper (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Court by July 10, 2024 (the "**Objection Deadline**"), through the Court's electronic filing system. Instructions for electronically filing an objection can be found at

94468592.1

www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to the undersigned counsel below.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall be held in person, telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy at least two (2) business days prior to hearing for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: June 7, 2024

                                        POLSINELLI PC

                                        By: */s/ Jane Pearson*
                                              Aaron Davis
                                              600 Third Avenue, 42nd Floor
                                              New York, New York 10016
                                              (212) 803-9918
                                              adavis@polsinelli.com

                                              Jane Pearson, WSBA #12785 (*pro hac vice*)
                                              1000 Second Avenue, Suite 3500
                                              Seattle, Washington 98104
                                              (206) 393-5415
                                              jane.pearson@polsinelli.com

                                        *Attorneys for Toorak Capital Partners, LLC*

**Hearing Date: July 17, 2024 at 10:00 a.m.**
**Response Deadline: July 10, 2024**

POLSINELLI PC
Aaron Davis
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

Jane Pearson, WSBA #12785 (*pro hac vice*)
1000 Second Avenue, Suite 3500
Seattle, Washington 98104
(206) 393-5415
jane.pearson@polsinelli.com

*Attorneys for Toorak Capital Partners, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Tracy Hardyal aka Tracy Lopa,<br><br>Debtor. | Case No. 1:23-43911-jmm<br><br>Chapter 11 |

### MOTION OF SECURED CREDITOR TOORAK CAPITAL PARTNERS, LLC
### TO CONVERT CASE TO CHAPTER 7

Secured creditor Toorak Capital Partners, LLC ("**Lender**"), for its Motion to Convert Case to Chapter 7 (the "**Motion**") pursuant to 11 U.S.C. § 1112, hereby states as follows.

### I.    PRELIMINARY STATEMENT

1.    This chapter 11 case is the *third* bad faith bankruptcy filing on the eve of foreclosure of commercial property and the latest abuse of the Bankruptcy Code by Debtor Tracy Hardyal ("**Debtor**") and Debtor's husband, Frank Lopa ("**Lopa**" and together with Debtor, "**Borrowers**"), designed solely to hinder and delay Lender's legitimate attempts to foreclose its commercial deed of trust encumbering real property with a common address of 129 21st Ave. E and 133 21st Ave. E, Seattle, Washington 98122 (the "**Property**").

2. This case is marked by continuing loss to or diminution of the bankruptcy estate - which consists almost entirely of the Property - at Lender's expense. Debtor has no real business, and even without making any payments to Lender for over four years, Borrowers have not paid property taxes on the Property for at least three years, so there is no hope of Debtor's rehabilitation or ability to effectuate a plan of reorganization.

3. The Court should put an end to Borrowers' serial attempts to impede and forestall Lender's legitimate attempts to foreclose its deed of trust on the Property to satisfy a portion of the indebtedness owed to it, and grant relief that places control of the Property in a chapter 7 trustee so that the trustee can control and administer the Property in the best interest of creditors (which overwhelmingly consists of Lender) and the estate.

4. Cause exists for the Court to convert this chapter 11 case to a case under chapter 7 so that a chapter 7 trustee can take control of and administer the Property.

## II. JURISDICTION

5. This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(A) and (O).

6. Venue of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a). Debtor resides within this District. [*See* Dkt # 1]

## III. FACTUAL BACKGROUND

7. Lender is the current owner and holder of that certain Commercial Promissory Note, dated October 7, 2019, in the original principal amount of $1,800,000.00 (the "**Note**," and the loan evidenced thereby being hereinafter referred to as the "**Loan**"), the makers of which are Borrowers. Declaration of Stephen J. Tyde, Jr. in Support of Motion of Secured Creditor Toorak Capital Partners, LLC to Convert Case to Chapter 7 ("**Tyde Decl**."), filed herewith, at ¶ 5; Exhibit A thereto.

8.      In connection with the Loan, Borrowers executed that certain Commercial Guaranty, dated October 7, 2019 (the "**Guaranty**"), pursuant to which Borrowers irrevocably and unconditionally guaranteed performance of certain obligations owed in connection with the Loan. (Tyde Decl., at ¶ 6; Exhibit B thereto).

9.      To secure the indebtedness owed in connection with the Loan, Borrowers executed that certain Deed of Trust, Security Agreement and Fixture Filing, dated October 7, 2019, and recorded on November 12, 2019, as Instrument No. 20191112001474, records of King County, Washington (the "**Deed of Trust**"). (Tyde Decl., at ¶ 7; Exhibit C thereto).

10.     Pursuant to the Deed of Trust, Lender has a first priority lien on and security interest in the Property, the improvements thereon, and personal property used in connection therewith. The Property consists of two multi-family buildings, which, together, contain 7 individual units (Tyde Decl., at ¶ 7).

11.     Borrowers are the fee owners of the Property. (Tyde Decl., at ¶ 9).

12.     Lender is the current holder and owner of the Note, the Guaranty, the Deed of Trust, and all other documents and instruments further evidencing, securing, or executed in connection with the Loan (collectively, the "**Loan Documents**"). (Tyde Decl., at ¶ 10).

13.     Borrowers defaulted under the Note and other Loan Documents by failing to make the required monthly payment for May 2020 and all subsequent monthly payments. (Tyde Decl., at ¶ 11).

14.     On or about July 2, 2020, Lender, through its servicer, issued a Notice of Default, and on or about July 28, 2020, Lender, through its attorneys, a Notice of Acceleration. (Tyde Decl., at ¶ 12; Exhibit D and Exhibit E thereto).

15.     The Note matured by its terms on November 1, 2020. (Tyde Decl., at ¶ 13).

16. Borrowers have failed to pay the accelerated and then matured indebtedness owed under the Note and other Loan Documents and remain in default thereunder. (Tyde Decl., at ¶ 14).

17. Lender has not received a single payment towards Borrowers' obligations owed under the Loan Documents for over four years. (Tyde Decl., at ¶ 15).

18. As set forth in Lender's Proof of Claim, Lender is owed more than $2.8 million by Borrowers. (Claim 7-1).

19. Section 3.04 of the Deed of Trust grants Lender the remedy of foreclosure upon the Borrowers' default under the Loan Documents. Section 3.04 states in pertinent part:

> Trustee's Sale. If any Event of Default occurs, [Lender] is authorized and empowered, without further notice, to execute or cause the Trustee to execute a written notice of default and of election to cause the [Property] to be sold as required by law or as otherwise provided herein, and the Trustee shall file such notice for record in each county wherein the [Property] or any part thereof is situated. After such filing, the Trustee may lawfully foreclose and shall foreclose the lien of this [Security Instrument] …

20. Following Borrowers' continued defaults under the Loan Documents, and in accordance with Lender's rights and remedies thereunder and Washington law, Lender scheduled a foreclosure sale of the Property to occur on January 13, 2023. (Tyde Decl., at ¶ 16).

21. On January 11, 2023, two days before the scheduled foreclosure sale, Lopa filed a chapter 13 bankruptcy case, title 11, Case No. 23-40080-jmm (the "**First Bankruptcy**"), in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"). A true and correct copy of the January 10, 2023 bankruptcy petition is attached hereto as **Exhibit 1**.

22. The First Bankruptcy prevented Lender from proceeding with the January 13, 2023 foreclosure sale. (Tyde Decl., at ¶ 17).

23. On March 10, 2023, the Court dismissed the First Bankruptcy on motion of the chapter 13 trustee because Lopa failed to submit monthly pre-confirmation payments, failed to

4

provide and/or file documents, and failed to appear and/or be examined at the § 341 meeting of creditors. (First Bankruptcy, Dkt. ## 12, 17).

24.     Following the dismissal of the First Bankruptcy, Lender rescheduled the foreclosure sale of the Property for May 5, 2023. (Tyde Decl., at ¶ 18).

25.     On May 5, 2023, the morning of the rescheduled foreclosure sale, Debtor filed a pro se chapter 13 bankruptcy case, Case No. 23-41586-jmm (the "**Second Bankruptcy**"), in the Court. A true and correct copy of the May 5, 2023 bankruptcy petition is attached hereto as **Exhibit 2**.

26.     The Second Bankruptcy again prevented Lender from proceeding with the foreclosure sale. (Tyde Decl., at ¶ 19).

27.     On July 21, 2023, the Court dismissed the Second Bankruptcy on motion of the chapter 13 trustee because Debtor, like Lopa, failed to submit monthly pre-confirmation payments, failed to provide and/or file documents, and failed to appear and/or be examined at the § 341 meeting of creditors. (Second Bankruptcy, Dkt. Nos. 15, 25, 28).

28.     Following the dismissal of the Second Bankruptcy, Lender rescheduled the foreclosure sale of the Property for October 27, 2023. (Tyde Decl., at ¶ 20).

29.     On October 26, 2023, the day before the rescheduled foreclosure sale, Debtor filed this bankruptcy case under chapter 11, title 11, United States Bankruptcy Code (the "**Third Bankruptcy**").

30.     The Third Bankruptcy represents the third bankruptcy filing in 2023 by one of the Borrowers on the eve of a foreclosure sale of the Property, each filing of which has stayed the foreclosure of the deed of trust on the Property that secures the Note that matured on November 1, 2020, and on which Borrowers have made no payments since April 2020.

31. Along with the Petition, Debtor filed schedules of her creditors. Lender is the only secured creditor. Debtor scheduled seven Unsecured Creditors, all of which are for credit card or consumer debt. Of those seven, four were scheduled as having claims in unknown amounts. The claims of the remaining three scheduled Unsecured Creditors total $1,743. [Dkt # 1].

32. The Property is the only real property Debtor scheduled. [Dkt # 1].

33. Debtor's monthly Operating Reports consistently report very little income and no employees:

|  |  |
|---|---|
| November 2023 | $45 Total receipts; 0 employees [Dkt # 31] |
| December 2023 | $75 Total receipts; 0 employees [Dkt # 32] |
| January 2024 | 0 Total receipts; 0 employees [Dkt # 40] |
| February 2024 | $200 Total receipts; 0 employees [Dkt # 43] |
| March 2024 | 0 Total receipts; 0 employees [Dkt # 46] |
| April 2024 | 0 Total receipts; 0 employees [Dkt # 47] |

34. Debtor has not filed a proposed plan or disclosure statement. Under Bankruptcy Code § 1121, the exclusive period for Debtor to do so ended on February 23, 2024.

35. Borrowers have not paid taxes on the Property since 2020 [Tyde Dec., at ¶ 22]. Debtor testified at her section 341 Meeting of Creditors held on January 14, 2024, that Borrowers had not made payment on the water and sewer for the Property since the summer of 2023. *See* Declaration of Jane Pearson in Support of Motion of Secured Creditor Toorak Capital Partners, LLC to Convert Case to Chapter 7 ("**Pearson Decl.**"), Exhibit F thereto at pp. 28-29.

36. Debtor also testified at her 341 meeting that Borrowers had not received an offer on the Property within the last year. Pearson Decl., Exhibit F thereto at pp. 37-38.

37. Debtor has not filed a motion to retain a broker to market the Property or to sell the Property.

## IV. LEGAL ARGUMENT

### **The Court should convert the Third Bankruptcy to a case under chapter 7**

38. The Court should convert the Third Bankruptcy to a case under chapter 7 and appoint a chapter 7 trustee to take possession of and administer the Property.

39. Under Bankruptcy Code § 1112(b)(1), upon the motion by a party in interest, "the court shall convert a chapter 11 case to chapter 7 or dismiss a [chapter 11 case], whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment … of a trustee or an examiner is in the best interests of creditors and the estate."

40. Under Bankruptcy Code section 1112(b)(4), "cause" includes, among other things:

- substantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
- failure timely to pay taxes owed after the date of the order for relief; and
- failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

41. A chapter 11 case may be converted or dismissed for continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. "The purpose of this ground is to prevent the debtor-in-possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) (internal quotations omitted).

42. A court may also convert or dismiss a chapter 11 case for the "inability to effectuate a plan." "'Inability to effectuate a plan' means that the debtor lacks the ability to formulate a plan or to carry one out." *Id.* at 216.

43. Further, a debtor's pre-filing delay may also constitute cause for conversion. *Id.*

7

44. In addition to the for-cause conversion grounds enumerated in § 1112(b), a court may also "consider other grounds and use its equitable powers to reach an appropriate result" when considering conversion, include the debtor's lack of good faith in filing the petition. *Id*. at 216-17.

45. "The most common equitable ground for conversion or dismissal is a lack of good faith on the part of the debtor. An implicit requirement to the right to file is good faith on the part of the debtor, the absence of which may constitute grounds for dismissal under § 1112(b). Factors relevant to a determination of whether a Chapter 11 petition was filed in good faith include (1) whether the debtor had any assets, (2) whether the debtor had an ongoing business to reorganize, and (3) whether there was a reasonable probability of a plan being proposed and confirmed." *Id*. at 218.

46. Indicia of bad faith include the following:

- The prepetition conduct of the debtor has been improper;
- There are few debts to non-moving creditors;
- The petition was filed on the eve of foreclosure;
- The foreclosed property is the sole or major asset of the debtor;
- The debtor has no ongoing business or employees;
- There is no possibility of reorganization;
- The debtor's income is not sufficient to operate; and
- The debtor filed solely to create the automatic stay.

*Id*.

47. This case checks every one of the indicia of bad faith described above. (1) Debtor's prepetition conduct improperly included two previous bad faith bankruptcy cases between her and Lopa, both filed on the eve of foreclosure for the purpose of enjoining the foreclosure, and both

8

dismissed because of each of the debtors' failure to comply with requirements of being in bankruptcy. [1] (2) The scheduled debt to non-moving creditors is $1,743, compared to the $2.8 million owed to Lender. (3) Debtor's second (and Borrowers' third) bankruptcy petition was filed on the eve of Lender's continued attempt to foreclose its security interest in the Property. (4) The Property is Debtor's sole or major asset. (5) Debtor has no ongoing business or employees. (6) There is no possibility of reorganization. (7) The Debtors' income (totaling $320 from November 2023 through April 2024) is totally insufficient to operate. (8) Debtor filed solely to create the automatic stay.

48.     Upon determination of cause, "the court must decide whether conversion or dismissal is the appropriate path." *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011). "Conversion supports the Bankruptcy Code policy of vigorous maximization of the value of the economic enterprise." *Id.* at 82 (internal quotations omitted). "Value also may be created where, by converting the case, an orderly liquidation of the debtor's assets will occur and a prompt conclusion to the bankruptcy process may be anticipated." *Id.*

49.     This case should be converted so that Borrowers cannot continue to take turns filing separate bad faith bankruptcy cases that prevent Lender from the legitimate foreclosure of its security interest in the Property. Conversion is favored by and in the best interests of all creditors (Lender being by far the largest) and the estate as it will allow an unbiased officer of the court—a chapter 7 trustee—to obtain possession of and administer the Property.

---

[1] "[M]ultiple bankruptcy filings by different family members to invoke the protection of the automatic stay and prevent an impending foreclosure on a commonly held property" is an abuse of the Bankruptcy Code and "the actions of each family member should be imputed to the others" when determining whether a bankruptcy petition was filed in bad faith. *In re Felberman*, 196 B.R. 678, 683–84 (Bankr. S.D.N.Y. 1995).

## V. CONCLUSION

50. As detailed above, the Third Bankruptcy should be converted to a case under chapter 7 so that a chapter 7 trustee can control and administer the Property and the bankruptcy estate. Lender respectfully requests the Court grant the Motion in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: June 7, 2024

                                             Respectfully submitted,

                                             POLSINELLI PC

                                             By: */s/ Jane Pearson*
                                                 Aaron Davis
                                                 600 Third Avenue, 42nd Floor
                                                 New York, New York 10016
                                                 (212) 803-0199
                                                 adavis@polsinelli.com

                                                 Jane Pearson, WSBA #12785 (*pro hac vice*)
                                                 1000 Second Avenue, Suite 3500
                                                 Seattle, Washington 98104
                                                 (206) 393-5415
                                                 jane.pearson@polsinelli.com

                                       *Attorneys for Toorak Capital Partners, LLC*