**Hearing Date: August 21, 2024 at 11:00**

POLSINELLI PC
Aaron Davis
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

Jane Pearson, WSBA #12785 (*pro hac vice*)
1000 Second Avenue, Suite 3500
Seattle, Washington 98104
(206) 393-5415
jane.pearson@polsinelli.com

*Attorneys for Toorak Capital Partners, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Tracy Hardyal aka Tracy Lopa,<br><br>Debtor. | Case No. 1:23-43911-jmm<br><br>Chapter 11 |

## TOORAK CAPITAL PARTNERS, LLC'S OBJECTION TO DISCLOSURE STATEMENT

Toorak Capital Partners, LLC ("**Lender**"), for its objection to Debtor's Disclosure Statement [Dkt # 55] ("**Disclosure Statement**"), states as follows.

## Summary of Argument

The Court should decline approval of the Disclosure Statement because:

1. it does not include "adequate information" within the meaning of Bankruptcy Code §1125(a); and

2. Debtor's proposed Chapter 11 Plan [Dkt # 54] ("**Plan**") is unconfirmable under on its face under Bankruptcy Code §1129 because, among other things, it classifies claims in an impermissible manner, Debtor has not proposed the Plan in good faith, Debtor has not provided

sufficient information concerning all payments and distributions proposed to be made in connection with the Plan and confirmation of the Plan would be followed by the need for liquidation or further financial reorganization.

Debtor's bad faith filing cannot be cured by filing a plan and disclosure statement. Instead of allowing Debtor to continue the charade of this chapter 11 case, the Court should deny approval of the Disclosure Statement and convert this case to a case under chapter 7, as Lender has requested in its Motion to Convert Case to Chapter 7 [Dkt # 49] ("**Lender's Conversion Motion**").

### A.The Disclosure Statement Does Not Contain Adequate Information

Bankruptcy Code §1125(b) prohibits solicitation of a plan unless there has been transmitted to holders of claims or interests a written disclosure statement approved by the court as containing adequate information. "Adequate information" is defined in §1125(a) as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable … a hypothetical investor of the relevant class to make an informed judgment about the plan…." *See, e.g., In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 25 (S.D.N.Y. 1995).

To contain adequate information, the Disclosure Statement requires, at a minimum, the following additional information:

1. A description of the type of real property (the "**Property**") from which Debtor proposes to fund the Plan, including the Property's address(es), the condition of the Property, the number of units on the Property and its occupancy status;

2. The historical income generated by the Property;

3. The disclosure that Debtor owns the Property with her husband, Frank Lopa, that this bankruptcy filing is the third filing by Debtor or her husband within a 9-month period on the eve of a foreclosure of the Property for the purpose of staying a foreclosure of

        the Property, and that the first two bankruptcy cases were dismissed because each of the debtors failed to submit pre-confirmation payments, failed to provide and/or file documents, and failed to appear and/or be examined at the §341 meeting of creditors;

4. The disclosure that Debtor and her husband defaulted in May 2020 on the loan secured by the Property, that the loan matured by its terms in November 2020, and that since the default Lender has received no payments on the loan;

5. The disclosure that Debtor and her husband have not paid property taxes on the Property since 2020, and that Lender has paid real property taxes to keep the Property from being sold at a tax sale;

6. A copy of the appraisal under which Debtor asserts the value of the Property;

7. The disclosure that as of January 2024, Debtor and her husband had not made payment on the water and sewer for the Property since the summer of 2023; and

8. The disclosure that Debtor has no employees.

### B.     The Plan Is Not Confirmable

1.     <u>The Plan is not confirmable on its face</u>. In an effort to create an impaired consenting class, Debtor has impermissibly classified the claim of TD Retail Card Services by itself as a Class II Secured Claim, when Debtor has acknowledged that the claim is not secured. This is evident from a review of that entity's proof of claim [Claim #3], which lacks evidence of perfection. TD Retail Card Services' claim should be classified as a Class III Unsecured Claim (Impaired). When TD Retail Card Services' claim is properly classified, there can be no consenting class that has approved the Plan because Lender, as the sole member of Class I (Impaired), will not approve the Plan, and as the holder of the vast majority of claims, in amount, in Class III, will not approve the Plan.

2.	<u>The Plan was filed in bad faith</u>.  Another reason the Plan is not confirmable is that, as described in Lender's Conversion Motion, which, along with the supporting declarations of Stephen J. Tyde, Jr. and Jane Pearson, and the exhibits to those declarations, are incorporated herein by reference, Debtor filed this case in bad faith.

3.	<u>Little information is provided regarding funding and payments</u>.  In addition, the Plan is not confirmable because Debtor has failed to provide sufficient information concerning all payments and distributions to be made under the Plan and to show that confirmation would not be followed by the need for liquidation or further financial reorganization.  On the basis of Debtor's operating reports, it is undeniable that the income generated from the Property is woefully inadequate to operate the Property, much less fund the Plan, even when, as has been true since 2020, Debtor has made no payments to Lender, does not pay real property taxes and does not stay current on payments to utility providers.  The Plan provides no evidence regarding funds that are stated to be received from a relative to fund the Plan.  In addition, the Plan lacks sufficient detail regarding the timing of any payments under the Plan.

**C.	The Court Should Not Approve the Disclosure Statement When the Plan Cannot Be Confirmed**

Under *In re Franklin* Indus. *Complex, Inc.*, 386 B.R. 5, 10 (Bankr. N.D.N.Y. 2008), the decision to approve a disclosure statement is within the discretion of the court, and the court may disapprove disclosure statements that contain adequate information when it has concerns about whether the plans to which they relate can be confirmed.  Here, the Disclosure Statement does not even contain adequate information, and should not be approved on that basis alone.  Added to that, the Plan is not confirmable, and under these circumstances, the court should exercise its discretion to deny approval of the Disclosure Statement.

Courts have recognized that "if it appears there is a defect that makes a plan inherently or patently unconfirmable, the Court may consider and resolve that issue at the disclosure stage before requiring the parties to proceed with solicitation of acceptances and rejections and a contested confirmation hearing ….The rationale is that the court's equitable powers under 11 U.S.C. § 105 'surely enable it to control its own docket' and thus, a '[c]ourt [should] not proceed with the time-consuming and expensive proposition of hearings on a disclosure statement and plan when the plan may not be confirmable because it does not comply with [confirmation requirements]. *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 153-54 (3rd Cir. 2012).  *See als*o *In re Mohammad*, 596 B.R. 34, 40–41 (Bankr. E.D. Va. 2019), subsequently aff'd sub nom. *Mohammad v. Fitzgerald*, 790 F. App'x 534 (4th Cir. 2020) ("A court may deny approval of a disclosure statement, even if it is not by itself deficient, if a debtor's plan has no hope of being confirmed."); *In re Forest Grove, LLC*, 448 B.R. 729, 736 (Bankr. D.S.C. 2011) ("[A] court may deny approval of a disclosure statement, even if it is not by itself deficient, if a debtor's plan has no hope of being confirmed. In order for a debtor's plan to be confirmed, it must be feasible, meaning that it is reasonably likely to succeed.").

As applied to this case, even if the Plan contained adequate information, which it does not, the Plan has no hope of being confirmed because, among other things, there is no evidence of funding for the Plan.

### D.  Debtor's Bad Faith Filing Cannot Be Saved by Filing a Plan and Disclosure Statement

Section 1129 forbids a court from accepting a reorganization plan which has not been proposed in good faith.  Per the 11th Circuit Court of Appeals, "it seems unquestionable to us that the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement.  In light of this conclusion, we cannot say that

5

Congress intended that a creditor's rights be delayed merely to allow the bad faith debtor to present a reorganization plan which, as a matter of law, could not be approved by the court." *In re Nat. Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987). *See also In re Davis Heritage GP Holdings, LLC*, 443 B.R. 448, 459 (Bankr. N.D. Fla. 2011) ("A case filed in bad faith cannot be cured by a good faith effort to propose a plan of reorganization."); *In re ACI Sunbow, LLC*, 206 B.R. 213, 224 (Bankr. S.D. Cal. 1997) ("The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith.")

Here, the mere filing of the Plan and Disclosure Statement does not cure or save Debtor's bad faith filing and should not be allowed to distract the Court from the underlying circumstances regarding this case, which neatly fits the characteristics, developed through years of case law, of a bad faith filing.

## Conclusion

For the reasons set forth above, the Court should deny approval of the Disclosure Statement and convert this case to a case under chapter 7.

Dated: August 14, 2024

                    Respectfully submitted,

                    POLSINELLI PC

                    By: */s/ Jane Pearson*
                        Aaron Davis
                        600 Third Avenue, 42nd Floor
                        New York, New York 10016
                        (212) 803-9918
                        adavis@polsinelli.com

                        Jane Pearson, WSBA #12785 (*pro hac vice*)
                        1000 Second Avenue, Suite 3500
                        Seattle, Washington 98104
                        (206) 393-5415
                        jane.pearson@polsinelli.com

                    *Attorneys for Toorak Capital Partners, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August 2024, a true and correct copy of *Toorak Capital Partners, LLC's Objection to Disclosure Statement* was served electronically to Debtor's counsel, the U.S. Trustee, and the interested parties who have requested service by ECF notification from the court in this case.

*/s/ Jane Pearson*

97173084